UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-14117-CV-CANNON/MCCABE

DAYANARA MCMILLAN,

    Plaintiff,

v.

BRIGHTHOUSE LIFE INSURANCE COMPANY,

    Defendant.
_____/

**REPORT & RECOMMENDATION**

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss ("Motion") [DE 12], which was referred to the undersigned United States Magistrate Judge by United States District Judge Aileen M. Cannon [DE 12]. The Motion is ripe for review. For the reasons set forth below, the undersigned respectfully **RECOMMENDS** that Plaintiff be given leave to file an amended complaint, and that the Motion [DE 12] be **DENIED AS MOOT** in light of the forthcoming amended pleading.

**I.  BACKGROUND**

This is a dispute over life insurance proceeds, removed to this Court after having first been filed in state court. Plaintiff alleges that her father, Aaron McMillan (now deceased), purchased a life insurance policy from Defendant at some point in the past [DE 1 at 12 ¶¶ 4-5]. Plaintiff further alleges that, on December 24, 2019, Aaron McMillan submitted a change of beneficiary form designating Plaintiff as the sole beneficiary of the policy. *Id.* ¶ 6. Despite this, when Aaron McMillan died on September 2, 2021, Defendant refused to pay the policy proceeds to Plaintiff. *Id.* ¶ 9. Instead, Defendant paid the proceeds to Aaron McMillan's ex-wife, Kerry Frasier, even

though the two had been divorced since May 21, 2019. *Id.* ¶ 17.

Plaintiff brings a claim for breach of contract (Count I), alleging Defendant wrongfully refused to pay the policy proceeds to her. *Id.* at 12 ¶¶ 11-12. Plaintiff also brings a claim for declaratory relief (Count II), seeking a declaration that the policy proceeds should have been paid to her and not the ex-wife under Florida law due to the 2019 divorce. *Id.* at 12-13 ¶ 13-19. Plaintiff also seeks costs, interest, and attorneys' fees pursuant to section 627.428, Florida Statutes. *Id.* at 12-13.

## II.   DISCUSSION

Prior to removal from state court, Defendant moved to dismiss the complaint for, among other reasons, failure to join indispensable parties, namely, Kerry Frasier (the ex-wife) and Janice McMillan (the deceased's mother and contingent beneficiary under the policy) [DE 1 at 36]. Defendant argued that complete relief could not be afforded without these parties and failure to join these parties would leave Defendant subject to multiple and inconsistent obligations in the future.

After reviewing the parties' filings, which relied on Florida Rules of Civil Procedure and state case law, the undersigned determined that a hearing was necessary to clarify the positions of the parties under the Federal Rules of Civil Procedure [DE 21, 22]. The undersigned held a hearing on April 27, 2022 [DE 23].

Following the hearing, the parties submitted supplemental briefing on the proper application of Federal Rule of Civil Procedure 19 to this case, as well as the citizenship of any additional parties subject to potential joinder, and how such joinder would impact the Court's jurisdiction over the case [DE 25, 26]. In that briefing, Defendant argued that the ex-wife (Kerry Frasier) and the contingent beneficiary (Janice McMillan) are persons required to be joined to this

lawsuit [DE 26 at 3]. Defendant argued that Rule 19 requires joinder in order to avoid the substantial risk that Defendant may be subject to double or multiple obligations [DE 26 at 1-5].

In Plaintiff's supplemental brief, Plaintiff argued that the joinder of Kerry Frasier and Janice McMillan is not required under Rule 19. However, Plaintiff nevertheless requested "leave to amend her complaint to add Janice [McMillan] as an additional Plaintiff, and assert claims against Kerry Fraiser" [DE 25 at 1-4]. Plaintiff asserted that "[t]his should avoid any claims pertaining to non-joinder, and will allow this Court to provide complete relief to all parties. Additionally, adding these additional parties will not impact diversity jurisdiction[.]" *Id.* at 3.

Accordingly, both Plaintiff and Defendant now take the position (albeit for different reasons) that Kerry Frasier and Janice McMillan should be added as additional parties to this suit. Having reviewed the positions of the parties, the undersigned finds Plaintiff should be given an opportunity to amend the complaint. Further, allowing Plaintiff to amend the complaint renders the pending Motion moot. Defendant will have a subsequent opportunity to respond to the amended complaint, including filing a motion to dismiss, where Defendant can fully assert its arguments in support of dismissing the amended pleading.

## III. RECOMMENDATION

As such, the undersigned respectfully **RECOMMENDS** that Plaintiff be given leave to file an amended complaint adding Kerry Frasier and Janice McMillan as parties, and that the Motion [DE 12] be **DENIED AS MOOT** in light of the forthcoming amended pleading.

## IV. NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon. Failure to file objections timely shall bar the parties from a *de*

*novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 11th day of May 2022.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE