UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-14117-CV-CANNON/MCCABE

DAYANARA MCMILLAN
and JANICE MCMILLAN,

      Plaintiffs,

v.

BRIGHTHOUSE LIFE INSURANCE
COMPANY and KERRY FRASIER,

      Defendants.

_____/

## REPORT & RECOMMENDATION

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss ("Motion") (DE 40), which was referred to the undersigned by United States District Judge Aileen M. Cannon (DE 45). The Motion seeks to dismiss all counts in the First Amended Complaint (DE 29). For the reasons set forth below, the undersigned respectfully **RECOMMENDS** that the Motion be **DENIED**.

## I.    BACKGROUND

This case involves a dispute over life insurance proceeds. On May 11, 2022, the undersigned issued a Report and Recommendation (DE 27), recommending that Plaintiff be given an opportunity to amend the complaint (DE 27). The District Court adopted that Report and Recommendation (DE 28). Thereafter, on May 31, 2022, Plaintiffs filed a First Amended Complaint ("FAC") (DE 29), alleging the following facts.

At some point in the past, non-party Aaron McMillan ("Decedent") purchased a life insurance policy from Brighthouse Life Insurance Company ("Brighthouse") with a death benefit

of $750,000.00 (the "Subject Policy") (DE 29 ¶ 7, DE 29-1). Decedent named his then-wife, Kerry Frasier, as the primary beneficiary and his mother, Janice McMillan, as the contingent beneficiary (DE 29 ¶ 7, DE 29-1). Kerry Frasier and Janice McMillan will be referred to respectively as "Ex-Wife" and "Mother" herein.

On May 21, 2019, Decedent and Ex-Wife divorced (DE 29 ¶ 10, DE 29-3). As part of the divorce, the two entered into a Marital Settlement Agreement ("MSA"), which was incorporated into the Final Judgment of the divorce (DE 29 ¶ 10, DE 29-3). Plaintiffs attached the Final Judgment, including the MSA, as Exhibit C to the FAC (DE 29-3).

Thereafter, on December 24, 2019, Decedent submitted a Change of Beneficiary ("COB") form to Brighthouse, designating his daughter Dayanara McMillan as the sole beneficiary of the Subject Policy (DE 29 ¶ 9). Dayanara McMillan will be referred to as "Daughter" herein.

Decedent passed away on September 2, 2021 (DE 29 ¶ 11). At that point, Ex-Wife, Mother, and Daughter all notified Brighthouse of Decedent's death and submitted claim forms, each attempting to claim the death benefit (DE 29 ¶¶ 11-12). Brighthouse paid the proceeds to Ex-Wife (DE 29 ¶ 13).

The FAC alleges four counts as follows:

| Count | Plaintiffs | Defendants | Cause of Action |
|-------|-----------|------------|-----------------|
| I | Daughter | Brighthouse | Breach of Insurance Contract |
| II | Mother | Brighthouse | Breach of Insurance Contract |
| III | Mother | Ex-Wife | Declaratory Judgment |
| IV | Daughter | Ex-Wife | Declaratory Judgment |

The FAC also seeks attorneys' fees against Brighthouse pursuant to section 627.428, Florida Statutes for each of the four counts (DE 29). This Motion followed, requesting dismissal of all four counts pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.  LEGAL STANDARD

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept a plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," a mere "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III.  DISCUSSION

Defendants move to dismiss all counts of the FAC. The Court will address each in turn.

### A.  Count I – Daughter's Breach-of-Contract Claim

Count I alleges Brighthouse breached the insurance contract by failing to pay the death benefit to Daughter (DE 29 ¶¶ 15-17). Brighthouse raises several arguments for dismissal, each of which the Court addresses below.

#### 1.  Failure to Attach COB Form

Brighthouse first argues Count I must be dismissed because Daughter failed to attach the COB form to the FAC (DE 40 at 4). The Court disagrees. Unlike the Florida Rules of Civil

Procedure, "there is no corresponding Federal Rule of Civil Procedure that requires a copy of the contract be attached to a complaint alleging a breach of contract claim." *Wevercomm Co., Ltd. v. Fiplex Commc'ns, Inc*., No. 18-21378-CIV, 2019 WL 2106071, at *2 (S.D. Fla. Feb. 25, 2019). Given that contracts need not be attached to the complaint, the Court reaches the same conclusion as to the COB form.

Brighthouse next points out that Daughter attached an incomplete and unsigned version of the COB form to an earlier version of the complaint (DE 1 at 18). Brighthouse argues that the Court should look to this incomplete version of the form and dismiss the case because it contradicts the allegations of the FAC, *i.e.*, it shows Decedent never signed the form. The Court disagrees. The FAC alleges that Decedent "submitted a change of beneficiary form designating [Daughter] as the sole beneficiary" and that Brighthouse has "possession" of this form (DE 29 ¶ 9). The Court accepts these allegations as true. Moreover, the Court finds it entirely plausible that a third-party beneficiary might not have possession of a final, fully executed version of a COB form, whereas the insurance company would.

To the extent Brighthouse wishes to argue that Decedent never signed the COB form, it should do so at the summary judgment stage. In the meantime, construing all allegations in the light most favorable to the plaintiff, the Motion should be denied on this ground. *Cf. Am. Enters. Collision Ctr., Inc. v. Travelers Prop. & Cas. Co. of Am*., No. 09-CV-443-FTM-29SPC, 2010 WL 472216, at *2 (M.D. Fla. Feb. 5, 2010) (holding that failure to attach the policy was not fatal at the motion-to-dismiss stage and declining to rely upon incomplete version policy supplied by defendant).

2.  **Breach-of-Contract Elements**

Next, Brighthouse argues Count I fails to state a claim for breach of a third-party beneficiary contract under Florida law.  To state such a claim, a plaintiff must allege facts that show (1) the "existence of a [valid] contract; (2) the clear or manifest intent of the contracting parties that the contract primarily and directly benefit the third party; (3) [a] breach of the contract by a contracting party; and (4) damages to the third party resulting from the breach."  *See Mendez v. Hampton Ct. Nursing Ctr., LLC*, 203 So. 3d 146, 148 (Fla. 2016) (cleaned up).

Here, Brighthouse attacks elements (2) and (3).  As to element (2), Brighthouse argues the FAC fails to allege facts that show Daughter was an intended third-party beneficiary of the contract, as opposed to a mere incidental beneficiary (DE 40 at 6-7).  The Court finds this argument unpersuasive.  The FAC alleges that Daughter was the sole beneficiary of the Subject Policy by virtue of a COB form (DE 29 ¶¶ 9, 16).  Under basic hornbook law, the named beneficiary of a life insurance policy is an "intended third-party beneficiary."  Indeed, the Restatement (Second) of Contracts provides this as one of the examples of an intended third-party beneficiary:

Illustrations:

4. A, an insurance company, promises B in a policy of insurance to pay $10,000 on B's death to C, B's wife. C is an intended beneficiary under Subsection (1)(b) [defining intended beneficiaries].

*See* Restatement (Second) of Contracts § 302 (Am. L. Inst. 1981), Intended and Incidental Beneficiaries.

As to element (3), Brighthouse argues the FAC fails to identify any specific provision of the Subject Policy that was allegedly breached (DE 40 at 2).  The Court finds this argument unpersuasive as well.  Daughter alleges Brighthouse breached the contract by paying the wrong beneficiary (DE 29 ¶¶ 13, 16).  These allegations satisfy Rule 8(a)(2)'s requirement of "a short

5

and plain statement of the claim showing that the pleader is entitled to relief[.]"  Daughter need not point Brighthouse to the specific paragraph of its own policy that required the company to pay the beneficiary once Decedent passed away.  The FAC provides Brighthouse with adequate notice of the alleged breach.

### 3.    Request for Attorney's Fees

Brighthouse next argues the Court should dismiss or strike Daughter's request for the statutory attorneys' fees allowed by section 627.428, Florida Statutes (DE 40 at 10-11).  In support, Brighthouse argues the FAC fails to allege that Daughter complied with one of the statutory pre-requisites for such fees, namely, that she filed a proof of claim with the insurance company more than sixty (60) days before commencing suit.  Brighthouse also argues these fees are not available to third-party beneficiaries as a matter of Florida law.

Brighthouse may be correct.  If Daughter prevails in this case and files a post-judgment motion for attorney's fees under section 627.428, Brighthouse will have the opportunity to raise all of these arguments.  In the meantime, however, these arguments do not merit dismissal of any portion of the FAC.

In federal court, there is "no special pleading requirement" for attorney's fees.  *See Sai Hosp. Mgmt. Co., LLC v. Rockhill Ins. Co.*, No. 2-20-CV-00280-JLB-MRM, 2021 WL 463812, at *2 (M.D. Fla. Feb. 9, 2021) (denying motion to dismiss or strike a claim for attorney's fees). Indeed, in federal court, a plaintiff can pursue post-judgment attorneys' fees under section 627.428 even if the plaintiff failed to plead such fees altogether.  *See Hilson v. GEICO Gen. Ins. Co.*, No. 8:11-CV-13-MSS-MAP, 2016 WL 3211474, at *2-3 (M.D. Fla. Mar. 31, 2016) (allowing post-judgment claim for fees under § 627.428 even though plaintiff never pled such fees in complaint); *see also Cap. Asset Rsch. Corp. v. Finnegan*, 216 F.3d 1268, 1270 (11th Cir. 2000) (explaining

that failure to expressly request attorney's fees in the pleadings does not deprive a court of subject matter jurisdiction to entertain a post-judgment motion for fees).  Given that the pleading or non-pleading of these fees is a nullity, the Court declines to dismiss or strike any portions of the FAC on this basis.

**B.      Count II – Mother's Breach-of-Contract Claim**

Count II, pled as an alternative to Count I, alleges that Brighthouse breached the insurance contract by failing to pay the death benefit to Mother (DE 29 ¶¶ 18-21).  Specifically, the FAC alleges that Decedent's original designation of Ex-Wife as his primary beneficiary became void by operation of Florida divorce law when the two divorced (DE 29 ¶ 19).  Once that happened, Mother, who was previously the contingent beneficiary, automatically became the new primary beneficiary, according to the FAC (DE 29 ¶¶ 20-21).  Consequently, the FAC alleges, Brighthouse breached the insurance contract by failing to pay the death benefit to Mother (DE 29 ¶¶ 20-21).

Brighthouse raises several arguments for dismissal, each of which the Court addresses below.[1]

**1.      Section 732.703(2), Florida Statutes**

Brighthouse first argues Count II should be dismissed because the legal theory underpinning the count is flawed (DE 40 at 8-10).  Specifically, Brighthouse argues the facts set forth in the FAC show that Ex-Wife's beneficiary designation never became void under Florida divorce law because the two ex-spouses entered into the MSA, which has been attached to the

---

[1] To the extent Brighthouse raises any of its Count I arguments to urge dismissal of Count II, the Court rejects those arguments for the reasons previously discussed in sections III.A.1 through III.A.3.

FAC as Exhibit C (DE 29-3).  Given that Ex-Wife's designation never became void, Brighthouse

argues, Mother never became the primary beneficiary and Count II fails as a matter of law.

      Brighthouse may ultimately be correct, but dismissal is not appropriate at this time.  Florida

divorce law, specifically section 732.703(2), Florida Statutes, sets forth a general rule that asset

designations, such as life insurance policy beneficiary designations, become void at the time of a

divorce:

> (2) A designation made by or on behalf of the decedent providing for the payment
> or transfer at death of an interest in an asset to or for the benefit of the decedent's
> former spouse *is void as of the time the decedent's marriage was judicially
> dissolved or declared invalid by court order prior to the decedent's death*, if the
> designation was made prior to the dissolution or court order.  The decedent's
> interest in the asset shall pass as if the decedent's former spouse predeceased the
> decedent.

§ 732.703(2), Fla. Stat. (emphasis added).  The statute provides an important exception, however,

if the court order of dissolution requires one of the spouses to maintain the asset in the name of the

other spouse:

> (4) Subsection (2) does not apply:
>
> …
>
> (d) If the order of dissolution or order declaring the marriage invalid requires that
> the decedent acquire or maintain the asset for the benefit of a former spouse or
> children of the marriage, payable upon the death of the decedent either outright or
> in trust….

§ 732.703(4)(d), Fla. Stat.  This section itself contains another important proviso, namely, that it

applies only if "other assets of the decedent fulfilling such a requirement … do not exist upon the

death of the decedent."  *Id.*

Here, the "order of dissolution" incorporated the MSA, which contained numerous terms that implicate the correct operation of sections 732.703(2) and 732.703(4)(d), Florida Statutes, including the following:

- The two ex-spouses agreed to place their marital home for sale, to sell it at a "reasonable price," and to divide the proceeds "50/50" (DE 29-3 at 10). At the time of the MSA, the marital property had not yet been sold.

- Decedent agreed that he would maintain a "Term Life Insurance, with a minimum value of $500,000" in effect with Ex-Wife as the "sole primary beneficiary *until the marital property ... has been sold or Final Judgment of Dissolution of Marriage has been granted, whichever occurs last*" (DE 29-3 at 9) (emphasis added).

- The ex-spouses agreed that the above provision (requiring Decedent to maintain the life insurance policy) would apply only "if other assets fulfilling such requirement for the benefit of the other spouse... do not exist upon his/her death and unless precluded by statute" (DE 29-3 at 9).

Contrary to Brighthouse's arguments, the correct application of section 732.703(4)(d) is not clear at this point in the case. It is not clear, for example, whether the marital property ever sold, whether the "Term Life Insurance" mentioned in the MSA is the Subject Policy, or whether Decedent had other assets at the time of his death to fulfill the MSA's requirements. The facts surrounding these issues, and others, will ultimately determine whether Mother can prevail on Count II. At this stage of the litigation, however, and construing all allegations in the light most favorable to the plaintiff, Brighthouse has not shown that Count II fails as a matter of law. The Motion should be denied on this ground.

### 2.      Section 732.703(6), Florida Statutes

Brighthouse next argues Count II should be dismissed based on section 732.703(6), Florida Statutes (DE 40 at 9). That section provides:

In the case of an asset described in … paragraph (3)(f), the payor is not liable for making any payment on account of, or transferring any interest in, the asset to any beneficiary.

§ 732.703(6), Fla. Stat.  Brighthouse argues this section exonerates life insurance companies for mistakenly paying the wrong beneficiary when a designation becomes void by operation of section 732.703, Florida Statutes.

Once again, Brighthouse may well be correct, but dismissal is not appropriate at this stage of the case.  On its face, section 732.703(6) applies only to assets described in certain subsections, including subsection 3(f), which applies to "[a] life insurance policy … or other similar contract *that is not held within an employee benefit plan or a tax-qualified retirement account*."  § 732.703(3)(f), Fla. Stat. (emphasis added).  Brighthouse fails to point to any portion of the FAC that shows the Subject Policy was "not held within an employee benefit plan or a tax-qualified retirement account."  As such, and construing all allegations in the light most favorable to Mother, the Motion should be denied on this basis.  To the extent Brighthouse wishes to raise this argument, it should do so at summary judgment.[2]

C.     **Counts III and IV -- Declaratory Relief as to Ex-Wife**

In Counts III and IV, Mother and Daughter allege claims for declaratory relief against Ex-Wife.  In summary, the two counts seek a declaration as to which of the three individuals was the true and correct beneficiary entitled to payment of the Subject Policy proceeds (DE 29 ¶¶ 24-26, 32-34).  To proceed on a Declaratory Judgment Act claim, a plaintiff must show (1) an actual issue

---

[2] To that end, should this issue arise again, the parties should clarify in their briefing the application of section 627.423, Florida Statutes and its relationship to section 732.703(6), Florida Statutes.  Under section 627.423, it appears insurance companies can be held liable for paying the wrong beneficiary, provided "the insurer has received at its home office written notice by or on behalf of some other person that such other person claims to be entitled to such payment."  *See Murray v. Aetna Life Ins. Co.*, No. 2:20-cv-209-SPC-MRM, 2021 WL 4690671, at *4 (M.D. Fla. Oct. 7, 2021) (granting summary judgment for insurance company, but only because the undisputed facts showed "Aetna had no written notice by or on behalf of [new wife] that she claimed to be entitled to the benefits before paying [ex-wife]….").

in controversy as opposed to one that is hypothetical or contrived, (2) the case must not be the medium for securing an advisory opinion, (3) the matter must be definite and concrete, (4) the parties' positions must be defined and adversarial, and (5) the issues must be susceptible to judicial determination. *See GE Life and Annuity Assur. Co. v. Barbour*, 189 F. Supp. 2d 1360, 1367 (S.D. Fla. 2002).

Here, the FAC alleges facts that satisfy all of these requirements.  Specifically, the FAC alleges that Ex-Wife ceased to be the primary beneficiary when Decedent submitted a COB form changing the sole beneficiary to Daughter (DE 29 ¶¶ 9, 35).  Alternatively, the FAC alleges that Ex-Wife ceased to be the primary beneficiary by operation of Florida divorce law when she divorced Decedent, at which point Mother became the primary beneficiary (DE 29 ¶¶ 10, 19, 24, 25).  The FAC alleges that a dispute exists between the parties "as to the existence or non-existence of [their respective] rights, powers, obligations and legal relations with [Brighthouse], by virtue of the contract, actions of [Brighthouse] and/or [Brighthouse]'s agent(s), the exhibits attached, the [FAC] and applicable statutes of this state" (DE 29 ¶¶ 28, 36).  The FAC alleges the parties are in doubt as to their "rights, powers, obligations, and legal relations and there is an actual present need for a Declaratory Judgment…" (DE 29 ¶¶ 29, 37).  As a result, Mother and Daughter request a declaration as to the correct beneficiary of the Subject Policy (DE 29 at 5, 6).

Defendants raise two arguments for dismissal. [3]  First, they contend that Counts III and IV fail to state a claim for declaratory relief because "the proceeds of the subject policy have already been paid" (DE 40 at 12).  As a result, according to Defendants, no present case or controversy

---

[3] To the extent Defendants raise any of the Count I or Count II arguments to urge dismissal of Count III, the Court rejects those arguments for the reasons previously discussed in sections III.A.1 through III.B.2.

exists over which declaratory relief can be granted.  The Court finds this argument unpersuasive, especially given that Brighthouse previously moved to dismiss an earlier version of the complaint on the grounds that Plaintiff failed to join Ex-Wife as an "indispensable party" (DE 12 at 4-5). Brighthouse previously argued Ex-Wife was an "absent claimant to a limited fund," without whom the lawsuit could not proceed (DE 12 at 1, 4-5; DE 26 at 1-5).  Now that Ex-Wife has been joined, Brighthouse cannot reverse course and argue that relief is impossible because "the proceeds of the subject policy have already been paid" (DE 40 at 12).

Rather, the Court finds that Plaintiffs have correctly chosen to bring simultaneous claims against Brighthouse for breach of contract (Counts I and II) and Ex-Wife for declaratory relief (Counts III and IV).  Courts have long recognized that claims can properly exist side-by-side for both declaratory relief and breach of contract, where the claims seek different forms of relief.  *See Wycoki v. Safeco Ins. Co. of Am.*, No. 21-14165-CIV, 2021 WL 5768147, at *3 (S.D. Fla. Dec. 3, 2021) ("[A] claim for declaratory relief may be asserted alongside a breach of contract claim where it provides the plaintiff a form of relief unavailable under the breach of contract claim alone."); *Garcia v. Scottsdale Ins. Co.*, No. 18-20509-CIV, 2018 WL 3432702, at *2 (S.D. Fla. July 16, 2018) ("Declaratory judgment claims may properly coexist with breach of contract claims when they provide the plaintiff a form of relief unavailable under the breach of contract claim.").

Such is the case here, where Counts I and II seek relief only as to Brighthouse, and Counts III and IV seek relief only as to Ex-Wife.  Moreover, by adding Counts III and IV against Ex-Wife, Plaintiffs have responded to and satisfied Brighthouse's concerns -- expressed in its earlier motion to dismiss (DE 12) -- that the outcome of this case might result in exposure to inconsistent judgments obtained by multiple persons claiming to be beneficiaries of the Subject Policy.  All relevant parties are now before the Court.

Finally, Defendants urge dismissal because Counts III and IV fail to identify any "predicate ambiguity" in the insurance policy that needs to be clarified (DE 40 at 12).  The Court finds this argument unpersuasive.  The "predicate ambiguity" here involves the status of Ex-Wife, Mother and Daughter as beneficiaries of the policy.  Courts regularly entertain (and insurance companies regularly file) declaratory relief actions to resolve such disputes.  *See, e.g.*, *West Coast Life Ins. Co. v. Gorman*, No. 2:14-cv-175-FtM-38DNF, 2015 WL 1565292, * 1 (M.D. Fla. Apr. 8, 2015) ("The Plaintiff West Coast Life Insurance Company initiated this action seeking a declaratory judgment to determine the rightful beneficiary of a life insurance policy").  The Motion should be denied on this ground.

IV.   **RECOMMENDATION & NOTICE OF RIGHT TO OBJECT**

For the reasons stated above, the undersigned respectfully **RECOMMENDS** that the Motion (DE 40) be **DENIED.**

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 26th day of August 2022.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE

13