UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 22-14117-CIV-CANNON/McCabe

**DAYANARA MCMILLAN** and
**JANICE MCMILLAN**,

    Plaintiffs,

v.

**BRIGHTHOUSE LIFE INSURANCE COMPANY**
and **KERRY FRASIER**,

    Defendant.
_____/

**ORDER ACCEPTING MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION [ECF No. 52]**

**THIS CAUSE** comes before the Court upon Defendants' Joint Motion to Dismiss First Amended Complaint (the "Motion") [ECF No. 40]. The Motion was referred to Magistrate Judge Ryon M. McCabe for a report and recommendation [ECF No. 45]. On August 29, 2022, Judge McCabe issued a report recommending that Defendants' Motion be denied (the "Report") [ECF No. 52]. Defendants filed Objections to the Report [ECF No. 57]. The Court has reviewed the Report [ECF No. 52], Defendants' Objections [ECF No. 57], and the full record. For the reasons set forth below, the Report [ECF No. 52] is **ACCEPTED**.

**RELEVANT BACKGROUND**

The following facts are drawn from the First Amended Complaint [ECF No. 29] and accepted as true for purposes of this Order.

This case involves a dispute over who should receive the proceeds of a decedent's life insurance policy. Decedent Aaron McMillan ("Decedent") purchased a life insurance policy from Defendant Brighthouse Life Insurance Company, which provided for death proceeds of $750,000

[ECF No. 29 ¶ 7]. Defendant Brighthouse issued the policy on July 21, 2015 [ECF No. 29 ¶ 8]. Decedent named his then-wife, Defendant Kerry Frasier, as the primary beneficiary of the policy and named his mother, Plaintiff Janice McMillan, as the contingent beneficiary [ECF No. 29 ¶ 7]. Decedent and Defendant Frasier divorced on May 21, 2019 [ECF No. 29 ¶ 10].

Subsequent to their divorce, on December 24, 2019, Decedent submitted a change of beneficiary form designating his sister, Plaintiff Dayanara McMillan, as the sole beneficiary of the life insurance policy [ECF No. 29 ¶ 9]. Decedent passed away on September 2, 2021 [ECF No. 29 ¶ 11]. Plaintiffs and Defendant Frasier then notified Defendant Brighthouse of Decedent's death by submitting the required claim forms [ECF No. 29 ¶ 12]. Defendant Brighthouse paid the proceeds of Decedent's life insurance policy to Defendant Frasier [ECF No. 29 ¶ 13].

On February 25, 2022, Plaintiff filed a complaint against Defendant Brighthouse in the Circuit Court for the Nineteenth Judicial Circuit, in and for St. Lucie County, Florida [ECF No. 1 pp. 11–14]. Defendant Brighthouse subsequently removed the case to this Court [ECF No. 1]. Following a Motion to Dismiss by Defendant Brighthouse, Plaintiffs filed the operative four-count First Amended Complaint ("FAC"), adding Defendant Frasier as a party [ECF No. 29; *see* ECF Nos. 20, 28]. In Count I, Plaintiff Daynara McMillan alleges that Defendant Brighthouse is liable for breach of contract for its failure to pay her, as the primary beneficiary, the proceeds of the subject policy [ECF No. 29 ¶¶ 15–17]. In Count II, Plaintiff Janice McMillan alleges that Defendant Brighthouse is liable for breach of contract for its failure to pay her, as the contingent beneficiary, the proceeds of the subject policy [ECF No. 29 ¶¶ 18–21]. In Count III, Plaintiff Janice McMillan seeks a declaratory judgment against Defendant Frasier that deems Plaintiff Janice McMillan beneficiary of the subject policy and requires Defendant Frasier to return all improperly received benefits [ECF No. 29 ¶¶ 22–29]. And in Count IV, Plaintiff Dayanara

McMillan seeks a declaratory judgment against Defendant Frasier that deems Plaintiff Dayanara McMillan beneficiary of the subject policy and requires Defendant Frasier to return all improperly received benefits [ECF No. 29 ¶¶ 30–37].

On July 6, 2022, Defendants filed a Motion to Dismiss, arguing that the FAC should be dismissed for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure [ECF No. 40].  On August 29, 2022, Judge McCabe entered the Report, recommending that Defendants' Motion to Dismiss be denied [ECF No. 52].  Defendants filed Objections on September 12, 2022 [ECF No. 57].  The Report is ripe for adjudication.

## LEGAL STANDARD

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made.  *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).  A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).  To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record.  *Macort*, 208 F. App'x at 784.  Legal conclusions are reviewed de novo, even in the absence of an objection.  *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

## DISCUSSION

Defendants raise a series of primarily technical objections to the Report, arguing, for example, that the Report (1) did not specifically engage with the legal authority cited by

3

Defendants in their Motion [ECF No. 57 pp. 2–3]; (2) incorrectly found that the FAC met the pleading standard despite the absence of specific words in Plaintiffs' allegations [ECF No. 57 pp. 4–6]; (3) failed to dismiss Plaintiffs' breach of contract claims on the basis of certain documents Defendants say are dispositive of both claims (the Marital Settlement Agreement and Decedent's Change of Beneficiary form) [ECF No. 57 pp. 8–9]; and (4) incorrectly declined at this stage to dismiss or strike either Plaintiff Dayanara McMillan's statutory request for attorneys' fees or Plaintiffs' declaratory judgment claims as pled alongside the breach claims [ECF No. 57 pp. 7, 10–11].

The Court has reviewed these arguments and finds them to be without merit.

First, as to Defendants' position that the Report did not specifically engage with the legal authority cited in the Motion, the Report properly set forth the standard for a motion to dismiss under Rule 12(b)(6) and subsequently cited specific legal authority to address each of Defendants' arguments, including the sufficiency of Plaintiffs' allegations as to each cause of action [ECF No. 52 pp. 3–13]. There is no requirement that a Court specifically cite each and every authority advanced by a party, and in any event, the Court has reviewed the case law cited by Defendants in their Objections and in the underlying Motion to Dismiss and agrees with the Report that Plaintiff Dayanara McMillan adequately pled a breach of contract claim under Florida common law.

Second, to the extent Defendants believe the Report's Rule 12(b)(6) conclusions are incorrect because the FAC did not include specific words such as "complete," "valid," or "intent" within the context of Plaintiffs' claims for breach of contract and declaratory judgment [ECF No. 57 pp. 4–6], that concern does not defeat the plausibility of Plaintiffs' claims. As the Report correctly notes, Plaintiffs have provided a sufficient basis, at this stage, to state a claim for

relief and provided Defendants with adequate notice of the claims brought against them sufficient to satisfy Rule 8(a)(2) and *Twombly* and *Iqbal* [ECF No. 52 pp. 5-6].

Third, Defendants criticize the Report for failing to dismiss the breach of contract claims on the basis of the Marital Settlement Agreement and the change of beneficiary form [ECF No. 57 pp. 8–9]. That argument too reveals no error in the Report. As Judge McCabe correctly concluded, the issues raised by Defendants—including the validity of Decedent's change of beneficiary form and the application of the Marital Settlement Agreement—are more appropriately suited for resolution on summary judgment [ECF No. 52 pp. 4, 8–10]. Though Defendant Brighthouse ultimately may prevail on Plaintiffs' breach of contract claims, the FAC provides a sufficient factual basis to survive a motion to dismiss under Rule 12(b)(6) [ECF No. 52 pp. 8–10].

Finally, the Court finds no merit in Defendants' argument that the Court should determine at this stage Plaintiff Dayanara McMillan's entitlement to attorneys' fees and the viability of Plaintiffs' claims for declaratory relief [ECF No. 52 pp. 7, 10–11]. As stated in the Report, the issue of entitlement to attorneys' fees is more properly raised after judgment is entered [ECF No. 52 pp. 6–7]. The Report also correctly concludes that Plaintiffs are entitled to bring their declaratory relief claims against Defendant Frasier simultaneously with their breach of contract claims against Defendant Brighthouse; Plaintiffs have provided a sufficient factual basis to proceed on the declaratory judgment claims, which seek a separate form of relief against a different defendant than the defendant sued in the breach counts [ECF No. 52 pp. 10–13].

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 52] is **ACCEPTED**.

2. Defendants' Joint Motion to Dismiss First Amended Complaint [ECF No. 40] is **DENIED**.

3. Defendants shall file an Answer to Plaintiff's First Amended Complaint on or before **December 14, 2022**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 29th day of November 2022.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record